**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YING ZHANG, a.k.a. Chen Chiu Hua, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-72579 <br><br> Agency No. A088-448-045 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2014**

Before:     McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Ying Zhang, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's ("IJ") decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding based on inconsistencies within Zhang's testimony, and between Zhang's testimony and the testimony of government witnesses, regarding whether Zhang fears religious persecution in China. *See Kin v. Holder*, 595 F.3d 1050, 1057 (9th Cir. 2010). The IJ did not err in crediting U.S. Customs and Border Protection Officer Charles Lee's testimony over Zhang's testimony, particularly in light of Zhang's evolving explanations for the inconsistency. *See id.* at 1057 (where testimony conflicts, it is the responsibility of the fact-finder to "decid[e] which version of the events is true."). Zhang's explanations for the inconsistencies do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Finally, we reject Zhang's contention that the IJ did not provide her an opportunity to explain any inconsistencies with Agent Lee's testimony and her contention that the BIA erred by not remanding to the IJ for further fact-finding. In the absence of credible testimony, Zhang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Zhang's CAT claim is based on the same testimony found to be not credible, and the record does not otherwise compel the conclusion that it is more likely than not she will be tortured if returned to China, her CAT claim also fails. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**